IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALEMAR V. NICHOLSON,

    Petitioner,                  CASE NO. 2:10-cv-1043
                                     CRIM. NO. 2:05-cr-97
v.                                           JUDGE FROST
                                           MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

On November 18, 2010, petitioner filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. §2255.  The case is before the Court for an initial screening pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  That Rule provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...."  For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that petitioner is not entitled to relief.

## I. PROCEDURAL HISTORY

On April 7, 2005, petitioner was indicted by a federal grand jury on several drug-related counts, the most serious of which (Count 1) involved a conspiracy to distribute and to possess with intent to distribute more than 100 grams of heroin.  A superseding indictment was returned on November 17, 2005, which, among other things, increased the amount of heroin allegedly involved in the conspiracy to over one kilogram.  Petitioner

then pleaded guilty to Count 1 of that indictment pursuant to a plea agreement.

Petitioner was sentenced on June 30, 2006 to 140 months of imprisonment and five years of supervised release. He appealed his sentence, arguing on appeal that the sentence was unreasonable because several of the co-conspirators received shorter sentences and because prior traffic offenses were over-represented in the Presentence Investigation Report. He also raised a claim of ineffective assistance of counsel. In an opinion filed on November 1, 2007, the Court of Appeals affirmed the judgment. *See United States v. Nicholson*, 253 Fed. Appx. 515 (6th Cir. November 1, 2007). The mandate issued on November 19, 2007.

Almost three years later, petitioner filed his motion to vacate. It was signed on November 11, 2010, and that is considered the effective date of its filing. The petition raises a single claim - that petitioner's criminal history was incorrectly calculated because he was given an additional two criminal history points for having been on some type of supervision at the time he was indicted for the instant offense, when, in fact, his prior supervision ended well before the date of the indictment. He asserts that he can overcome any procedural bar which would prevent him from raising this claim because he is "actually innocent" of this sentencing enhancement. For the following reasons, however, the Court concludes that he cannot overcome the fact that he filed his petition well outside the time allowed under 28 U.S.C. §2255(f). The petition should therefore be dismissed.

## II. STATUTE OF LIMITATIONS

28 U.S.C. §2255(f) provides for a one-year statute of limitations in connection with

the filing of federal habeas corpus petitions, stating as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner appealed his sentence to the Court of Appeals but did not file a petition for a writ of *certiorari* with the United States Supreme Court. Under these circumstances, his conviction became final when the time for filing such a petition (which is 90 days after the date of the Court of Appeals' decision) expired. *Clay v. United States*, 537 U.S. 522 (2003). That date was January 30, 2008. Thus, this petition was filed more than 21 months late.

There are a variety of reasons why the Court might hear a §2255 motion on its merits even though it has not been filed on time. One of them is whether the refusal to hear the

motion for procedural reasons, including whether the petition was filed on time, would result in a fundamental miscarriage of justice. That is, "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Thus, if there is any merit to petitioner's "actual innocence" argument, the Court might be required to excuse his late filing.

There are two major problems with petitioner's argument, either of which would be a sufficient reason to refuse to extend the statute of limitations here. First, it is not at all clear that a claim that a defendant is "actually innocent" of some sentencing factor, such as the calculation of criminal history points under the United States Sentencing Guidelines, is the type of "actual innocence" claim which will toll the running of the statute of limitations. In *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005), the Court of Appeals stated that in order to use "actual innocence" as a basis for excusing the untimely filing of a habeas corpus petition in a non-capital case (that is, a case that does not involve the death penalty), the petitioner must show that he or she "did not commit the acts forming the basis for his conviction ...." In other words, there must be evidence (and it must be new evidence, not evidence available at the time of the conviction) that the defendant is innocent of the crime itself, and not just that the sentence was somehow inappropriate. *See also Russell v. Howes*, 2010 WL 432256, *2 (W.D. Mich. January 26, 2010).

Here, petitioner pleaded guilty to the crime for which he was convicted, and he does not argue that he is innocent of that crime. Further, his claim that his criminal history was inaccurately calculated does not rely on any new evidence. For these reasons, he cannot

-4-

take advantage of the "actual innocence" exception which would allow him to avoid dismissal of his petition because it was filed too late.

There is a second reason why his claim fails. According to the petition, the error made in the presentence report was assigning two criminal history points to petitioner because the probation officer incorrectly concluded that petitioner was on state supervision at the time the indictment was returned. However, the applicable guideline, §4A1.1(d), requires the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Thus, it is the date of the offense which matters, not the date of the indictment. The conspiracy to which petitioner pleaded guilty lasted, according to the superseding indictment, from 2002 to August, 2004. Petitioner concedes that he was on state supervision until at least August 14, 2003, which date falls within the time frame of the conspiracy. The date on which petitioner entered the conspiracy is irrelevant to the application of this guideline; if the conspiracy began while the defendant was under a criminal justice sentence, the guideline applies and the two points are properly added. *United States v. Hernandez*, 541 F.3d 422 (1st Cir. 2008). Thus, petitioner is not "actually innocent" of this sentencing factor. This conclusion is fatal both to any argument that he may avoid the application of the one-year statute of limitations, and to his claim on the merits.

### III. RECOMMENDATION

For all of these reasons, it is recommended that petitioner's motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. §2255 be denied.

## IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp  
United States Magistrate Judge