IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALEMAR V. NICHOLSON,

    Petitioner,                        CASE NO. 2:10-cv-1043
                                      CRIM. NO. 2:05-cr-97
v.                                        JUDGE FROST
                                      MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

    Respondent.

**OPINION AND ORDER**

On November 18, 2010, petitioner filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. §2255. The case came before the Court for an initial screening pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A Magistrate Judge of this Court recommended that petitioner's motion be dismissed under Rule 4 because it is plain that petitioner is not entitled to relief. Petitioner has filed an objection to that recommendation. For the following reasons, petitioner's objection will be overruled and his motion will be denied.

**I. THE REPORT AND RECOMMENDATION**

This case began on April 7, 2005, when petitioner was indicted by the grand jury and charged with, among other offenses, conspiracy to distribute and to possess with intent to distribute more than 100 grams of heroin. The amount of heroin allegedly involved in the conspiracy was increased by superseding indictment to over one kilogram. On January 3, 2006, petitioner pleaded guilty to that charge, and he was subsequently sentenced to 140 months of imprisonment and five years of supervised release. He

unsuccessfully appealed his sentence. *See United States v. Nicholson*, 253 Fed. Appx. 515 (6th Cir. November 1, 2007).

Petitioner filed his motion to vacate sentence on November 18, 2010, but because it was signed on November 11, 2010, that is the effective date of its filing. In his motion, petitioner asserts that his criminal history was incorrectly calculated because he was given an additional two criminal history points for having been under judicial or correctional supervision. He points out that at the time the indictment was filed, he was not under such supervision. He recognizes that he has not filed his motion to vacate in a timely fashion, but he argued in his motion that he is "actually innocent" of this sentencing enhancement and that this fact allowed him to file his motion late. The Report and Recommendation, citing to 28 U.S.C. §2255(f), which provides for a one-year statute of limitations for the filing of such motions, disagreed and recommended that the motion be denied for that reason. Petitioner's "actual innocence" claim was rejected because, according to controlling case law from this Circuit, *see Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005), the only type of "actual innocence" which can toll the running of the statute of limitations is innocence of the crime itself, and not simply the misapplication of a sentencing factor.

Alternatively, the Report and Recommendation pointed out that the applicable sentencing guideline, §4A1.1(d), required the addition of two points to the defendant's base offense level "if the defendant *committed the instant offense* while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (Emphasis added). The date of the indictment is irrelevant to this

calculation because it is premised on the date the offense was committed and not the date that the defendant is actually charged with a crime. Here, the conspiracy to which petitioner pleaded guilty lasted from 2002 to August, 2004, and. Petitioner was on state supervision until August 14, 2003, so that he did commit his offense while under a criminal justice sentence. Consequently, even if the Court accepted the argument that innocence of a sentencing factor could toll the running of the statute of limitations, petitioner was not, in fact, innocent of this sentencing factor. Of course, that conclusion also relates to his claim on the merits, and shows that the claim has no merit.

## II. PETITIONER'S OBJECTION

Petitioner objects only to that portion of the Report and Recommendation which concludes that the statute of limitations for §2255 motions cannot be equitably tolled based on a claim that the petitioner is "actually innocent" of a sentencing factor. His failure to object to the conclusion that the sentencing factor which he claims was not properly applied was, in fact, used correctly by the Court in determining his sentence, would be a sufficient basis for denying his motion. Even if the Court were to review that conclusion *de novo*, it would agree that his claim of "actual innocence" of this sentencing factor (as well as his claim on the merits) is simply wrong. However, the Court will also conduct a *de novo* review of the objection because it leads to the same conclusion.

The Court of Appeals has held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*,

395 F.3d 577, 599 (6th Cir. 2005). As the Report and Recommendation points out, however, in *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005), the Court held that the only type of "actual innocence" which can be use to excuse the untimely filing of a habeas corpus petition in a non-capital case is a showing that the petitioner "did not commit the acts forming the basis for his conviction ...." *See also Russell v. Howes*, 2010 WL 432256, *2 (W.D. Mich. January 26, 2010). Petitioner pleaded guilty and concedes that he cannot meet this test. However, he claims that actual innocence of a sentencing factor will suffice to toll the running of the statute of limitations, and cites to the decision in *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994) in support of this assertion.

    *Maybeck*, of course, did not deal with the issue of whether a claim of "actual innocence" of a sentencing factor could equitably toll the running of the statute of limitations found in §2255(f) because that particular statutory provision was not in effect when *Maybeck* was decided; in 1994, there was no statute of limitations for filing §2255 motions. It did, however, allow a petitioner to use "actual innocence" of a sentencing factor - in that case, the petitioner was incorrectly sentenced as a career offender - as a basis for overcoming a procedural default, and it could reasonably be argued that the same rationale would have been followed had the issue been equitable tolling of the statute of limitations. But five years later, in *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999), the court limited the application of the *Maybeck* decision to "the context of eligibility for application of a career offender or other habitual

offender guideline provision." Thus, even in the Fourth Circuit, a claim of "actual innocence" of any other type of sentencing factor does not excuse a procedural default. And this Court is, of course, bound to follow decisions of the Court of Appeals for this circuit, so that even if *Maybeck* had not subsequently been limited to situations not present here, this Court could not apply its rule if there is a decision from the Sixth Circuit Court of Appeals to the contrary. Consequently, the Court concludes that the Report and Recommendation correctly rejected petitioner's effort to toll the running of the statute of limitations by claiming "actual innocence," and agrees that his §2255 motion is time-barred.

### III. CONCLUSION

Based on the discussion recited above, the petitioner's objection (#51) is **OVERRULED** and the Report and Recommendation (#50) is **ADOPTED.** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is **DENIED**.

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE